**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**In Admiralty**

| | |
|---|---|
| In The Matter of THE DUTRA GROUP, INC., as owner and operator of THE DREDGE M/V STUYVESANT, O.N. 648540, her engines, gear, tackle, appurtenances, equipment, furniture, etc., for exoneration from or limitation of liability, | CIVIL ACTION NO. |
| Limitation Plaintiff. | |
| _____/ | |

**COMPLAINT IN ADMIRALTY FOR EXONERATION FROM**
**OR LIMITATION OF LIABILITY**

COMES NOW Limitation Plaintiff, The Dutra Group, Inc. ("The Dutra Group" or "Limitation Plaintiff"), as owner and operator of the Self-Propelled Hopper Dredge STUYVESANT, O.N. 648540, ("STUYVESANT") in an action for exoneration from or limitation of liability under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501, et seq., and alleges, as follows:

1. This is a case of admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The Dutra Group files this action for exoneration from or limitation of liability

under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501, et seq.

3. This Court has original jurisdiction under 28 U.S.C. § 1333.

4. Venue is proper pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

5. STUYVESANT has not been attached or arrested. The Dutra Group has not been served with any lawsuit as a result of the Voyage or Incident.

6. STUYVESANT is currently moored within Jacksonville, Florida, and can be found within this District.

7. At all material times, The Dutra Group, Inc. was and is a California stock corporation, authorized to conduct business within the State of Florida.

8. On November 2, 2024, STUYVESANT was underway conducting dredging operations commencing and ending on November 2, 2024, in the vicinity of Jacksonville, Florida, and within the navigable waters of the United States, (hereafter the "Voyage").

9. During said Voyage, a fire occurred in the engine room in which crewmember Daniel A. Fults ("Fults"), a United States Coast Guard licensed First Assistant Engineer then serving as the engine room watch engineer on duty, was injured and thereafter died as the result of his injuries (the "Incident").

10. At the time of the Incident, Fults was serving as the watch engineer in charge of the engine room and other engineering personnel on duty at the time.

11. Prior to the Incident, Fults had performed, supervised, and was responsible for properly completing certain maintenance on the port auxiliary diesel generator ("ADG") engine within the engine room, including changing its lubricating oil and filters. The lube oil bleed plug was not reinstalled prior to starting the port ADG engine. Shortly after startup, oil discharged out of the bleed plug opening, which resulted in a fire.

12. After Fults observed fire in the engine room through windows in the adjoining engineering Main Control Room ("MCR"), Fults attempted to enter the engine room through the port-side door of the MCR but abandoned entry due to the presence of fire.

13. Without stopping the ADG engine or informing the wheelhouse of the fire, and without employing any protective equipment readily available within the MCR, including either a self-contained breathing apparatus or an emergency escape breathing device, Fults crossed the width of the MCR and entered the engine room through the starboard door with only a portable fire extinguisher in hand.

14. Shortly after Fults entered the engine room, it filled with smoke. The Oiler watch stander under Fults' supervision promptly exited through the emergency escape hatch within the MCR.

15. Although the crew immediately mounted an efficient and heroic rescue response, and performed emergency lifesaving measures, including CPR after he was removed from the MCR, Fults died from injuries sustained in the Incident.

16. Other crewmembers have reported injuries as a result of the Incident and rescue.

17. Others unknown to Limitation Plaintiff may also allege injuries against the Vessel and/or Limitation Plaintiff as a result of the Incident.

18. At all relevant times, The Dutra Group was the owner and operator of STUYVESANT.

19. STUYVESANT is a self-propelled 13,800 hp commercial hopper dredge, documented and inspected by the United States Coast Guard, O.N. 648540. It is 372 feet in length, with a beam of 72 feet, and a depth of 34 feet. STUYVESANT is 8,432 gross tons (GT ITC). It was built in 1982 in Avondale, LA.

20. STUYVESANT was underway and properly operating under a valid United States Coast Guard Certificate of Inspection at the time of the Incident. There was no freight pending at the time of the Incident or at end of the aforesaid Voyage.

21. The Dutra Group's post-casualty interest in STUYVESANT and its equipment did not exceed forty-six million U.S. Dollars ($46,000,000.00). See appraisal of Martin, Ottaway, van Hemmen & Dolan, Inc., dated April 30, 2025, attached hereto as **Exhibit A.**

22. The Dutra Group, as security for the benefit of claimants, has executed a Stipulation For Value and For Costs in the amount of forty-six million U.S. Dollars ($46,000,000.00), which amount equals the total value of its interest in STUYVESANT and pending freight at the end of the Incident Voyage, plus interest at six percent (6%) per annum from the date of said Stipulation. Filed concurrently herewith is The Dutra Group's Stipulation For Value and For Costs, with the Letter of Undertaking attached as an exhibit thereto.

23. Before and at the beginning of the Voyage, and at all times material to any alleged claims, damages, and Incident(s), The Dutra Group exercised due diligence to make STUYVESANT staunch and seaworthy in all respects, and to properly man, equip, supply, outfit and make safe STUYVESANT for its intended purposes. The injuries allegedly sustained by the Estate of Daniel A. Fults and, potentially, others, if any, were occasioned and incurred without the privity or knowledge of The Dutra Group prior to the commencement of the Voyage and at all times during the conduct of STUYVESANT's operations. The Dutra Group, therefore, claims the benefit of the Limitation of Liability Act and the various acts amendatory and supplemental thereto, and in the same proceeding The Dutra Group desires to contest its liability and the liability of STUYVESANT for any loss or damage arising out of the aforesaid operations and Voyage.

24. The alleged Incident(s) and all losses and damages caused thereby or otherwise incurred during the Voyage were not due to any fault, negligence, or lack of due care on the part of The Dutra Group, nor were the Incident(s), losses or damages occasioned by any unseaworthiness of STUYVESANT. Rather, the Incident(s) and all losses and damages caused thereby were due solely to and caused solely by causes for which The Dutra Group is not liable.

25. Upon information and belief, any injury to Fults in the Incident occurring on or about November 2, 2024, was the result of his failure to exercise reasonable care for his personal safety and his failure to comply with his obligations under applicable state law, federal regulations, and navigation rules. Among other things, upon information and belief, Fults failed to properly accomplish routine maintenance on the ADG engine and ensure that the lube oil system bleed plug was reinstalled into the engine before starting. After the fire occurred, Fults disregarded his personal safety by entering the engine room after observing that there was a fire, thereby endangering himself, the crew, and the ship.

26. The Dutra Group contests its liability and the liability of STUYVESANT for any injuries, losses and damages occasioned or incurred during its operations and Voyage, including, but not limited to, the Incident occurring on or about November 2, 2024, in which Fults was injured in the engine room fire aboard STUYVESANT. The Dutra Group has valid defenses on the facts and on the law.

The Dutra Group hereby claims and reserves the right to contest in this or any other Court any claim of liability against it.

WHEREFORE, The Dutra Group, Inc. prays:

1. That this Court enter an order approving the above-described Stipulation For Value and For Costs, in the amount of forty-six million U.S. Dollars ($46,000,000.00), deposited with the Court by The Dutra Group as security for the value of STUYVESANT and any pending freight, plus $250.00 in costs as required by Supplemental Rule F(1) and the Admiralty and Maritime Practice Manual.

2. That this Court issue a notice to all persons asserting claims with respect to which The Dutra Group seeks limitation admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for The Dutra Group a copy thereof on or before a date to be fixed by the Court and answer to this Complaint, unless the claim includes an answer so designated;

3. That this Court issue an injunction restraining and enjoining the filing or prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions, or proceedings of any nature or description in any jurisdiction against The Dutra Group as aforesaid or against STUYVESANT, or against any other property of The Dutra Group except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred

during the operations and Voyage of STUYVESANT, including but not limited to, the Incident(s) occurring during the Voyage on November 2, 2024, in the vicinity of Jacksonville, Florida;

4.     That this Court enter judgment in favor of The Dutra Group exonerating it from any loss, damage, injury, or liability for any claims in any way arising out of or resulting from the operations and any injury or casualty relating thereto;

5.     If The Dutra Group shall be judged liable and if it be found to have any interest remaining in STUYVESANT following the Incident and Voyage, that the liability of The Dutra Group be limited to the value of such interest; and

6.     That The Dutra Group may have such other and further relief that law and justice may require.

Dated: May 1, 2025

MOSELEY PRICHARD PARRISH KNIGHT & JONES

/s/ *Shea M. Moser*
James F. Moseley, Jr.
Florida Bar No. 699926
Email: jmoseleyjr@mppkj.com
Shea M. Moser
Florida Bar No. 0029265
Email: smoser@mppkj.com
501 W. Bay Street
Jacksonville, FL 32202
Tel: (904) 356-1306
Fax: (904) 354-0194

*Counsel for The Dutra Group, Inc.*

VENTKER HENDERSON STANCLIFF,PLLC

Steven M. Stancliff (VSB No. 73853)
James J. Levantino (VSB No. 97082)
Ventker Henderson Stancliff, PLLC
256 W. Freemason Street
Norfolk, VA 23510
Tel:   (757) 675-9464
Fax:   (757) 625-1475
sstancliff@ventkerlaw.com
jlevantino@ventkerlaw.com

*Counsel for The Dutra Group, Inc. (Pending Pro Hac Vice)*

9