**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THE DUTRA GROUP, *as owner and operator of the Dredge M/V Stuyvesant, O.N.648540, her engines gear, tackle, appurtenances, equipment, furniture, etc.*,

Petitioner,

v.

Case No. 3:25-cv-493-TJC-SJH

CLAIMANTS CALEB ARLINGTON HARDING and GAIL J. FULTS,

Respondents.

---

**O R D E R**

This is an action in admiralty by The Dutra Group, Inc. ("Dutra"), owner and operator of the dredge ship *Stuyvesant*, seeking to limit its liability for a fatality and injuries that occurred on the ship under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 et seq. It is before the Court on Claimant Gail J. Fults's and Dutra's Joint Motion to Withdraw Fults's Answer and Dismiss Fults's Claim with Prejudice. (Doc. 104). Dutra and Claimant Fults advise that they have "completed all actions necessary to effectuate the approved settlement" of all claims between them. (Id. at 2). Upon review, the joint motion is due to be granted.

Remaining, however, are the claims of Caleb Arlington Harding (Doc. 30), and Harding's Motion to Dissolve the Limitation Injunction and Stay the Limitation Proceeding. (Doc. 98). Harding requests the Court "dissolve or modify

the limitation injunction and stay this limitation proceeding so that Harding may pursue his claims against [Dutra] in a forum of his choosing with the right to a jury trial where available." (Id. at 1). As is common in single-claimant limitation actions, Harding filed stipulations to preserve Dutra's right to seek limitation of liability. (Doc. 98-1); see Beiswenger Enterprises Corp v. Carletta, 86 F.3d 1032, 1037 (11th Cir. 1996) (explaining that in single-claimant cases, the claimant "may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability.").

After careful review of Claimant Harding's stipulations, the Court finds they "fully protect [Dutra's] rights under the Limitation Act." Beiswenger, 86 F.3d at 1044. Importantly, the stipulations "protect [Dutra's] right to litigate its claim to limited liability exclusively in the admiralty court"; "protect [Dutra] from having to pay damages in excess of the limitation fund, unless and until the admiralty court denies limited liability"; and "protect [Dutra] from litigation by the damage claimants in *any* forum outside the limitation proceeding." Id.

Finally, Dutra has filed a Motion to Compel Physical Examination (Doc. 96) and a Motion for Issuance of Subpoenas Duces Tecum to DHS and the VA (Doc. 97). The Court agrees with Claimant Harding that the Court should defer these discovery disputes to the court that will adjudicate his personal injury claim.

Accordingly, it is hereby

**ORDERED:**

1. Claimant Gail J. Fults's and Petitioner The Dutra Group's Joint Motion to Withdraw Fults's Answer and Dismiss Fults's Claim with Prejudice (Doc. 104) is **GRANTED**. Claimant Fults's claims against The Dutra Group (Doc. 28) are **dismissed with prejudice** under Federal Rule of Civil Procedure 41(a)(2). Each party shall bear its own attorneys' fees and costs.
2. The Court deems The Dutra Group's Motion to Strike Jury Demand (Doc. 38) and its opposition to the Motion to Dissolve the Limitation Injunction and Stay Limitation Proceeding (Doc. 100) to be **withdrawn**.
3. Claimant Caleb Arlington Harding's Motion to Dissolve the Limitation Injunction and Stay Limitation Proceeding (Doc. 98) is **GRANTED**. Claimant Harding's stipulations (Doc. 98-1) are approved.
4. The Limitation Injunction (Doc. 15) is **DISSOLVED**. This action is **STAYED** while Claimant Harding pursues his claim in the forum of his choosing. Claimant Harding shall file a status report on the progress of his claim with this Court on **May 21, 2027** and **every 180 days thereafter.** In particular, Claimant Harding shall inform the Court if his personal injury claim is resolved and if the limitation action must be reopened.

5. Petitioner The Dutra Group's Motion to Compel Physical Examination (Doc. 96) and Motion for Issuance of Subpoenas Duces Tecum to DHS and the VA (Doc. 97) are **DENIED without prejudice**. The Dutra Group may refile the motions in the forum which will adjudicate Claimant Harding's personal injury claim.[1]
6. The Clerk shall terminate Claimant Gail J. Fults as a party and administratively close the file.
7. The Court retains jurisdiction to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of November, 2026.

Timothy J. Corrigan
TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

[1] If the law requires a federal court order to obtain a particular record from the federal government, Dutra can seek that relief after the merits court has defined the appropriate scope of discovery.